**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION**

| | |
|---|---|
| CERTIFIED ENTERPRISES, INC., a California corporation; CERTIFIED RECYCLING, INC., a California corporation; and FIBRE RESOURCES UNLIMITED, INC., a California corporation,<br><br>                Plaintiffs,<br><br>    vs.<br><br>UNITED STATES OF AMERICA, THE INTERNAL REVENUE SERVICE,<br><br>                Defendants. | Case No. 17-cv-202 |

**COMPLAINT FOR WRONGFUL LEVY OF PROPERTY UNDER 26 U.S.C. § 7426**

### I.     Introduction

1.     Plaintiff Certified Enterprises, Inc., Plaintiff Certified Recycling, Inc., and Plaintiff Fibre Resources Unlimited, Inc. (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby petition this Court for an order (i) enjoining defendants the United States of America and the IRS (collectively, the "United States") from enforcing its levies of "all property or rights to property of" each of the named Plaintiffs, and (ii) requiring the United States to return the specific property levied or, alternatively, granting a judgment in Plaintiffs' favor for the amount of money levied upon.  Plaintiffs also seek damages and costs.

### II.     The Parties

2.     Plaintiff Certified Enterprises, Inc. is a California corporation having its principal place of business in Anaheim, California.

3.     Plaintiff Certified Recycling, Inc. is a California corporation having its principal place of business in Anaheim, California.

4. Plaintiff Fibre Resources Unlimited, Inc. is a California corporation having its principal place of business in Spring Valley, California.

5. At all times relevant, the United States acted by and through its agent, the Internal Revenue Service ("IRS").  The United States is a proper defendant in this action under 26 U.S.C. § 7426 and, through the enactment of 28 U.S.C. § 1346(e), has specifically waived sovereign immunity for actions under § 7426.

### III.   Jurisdiction and Venue

6. This Court has jurisdiction over this civil action arising under the laws of the United States, including under 26 U.S.C. § 7426(a)(1).  Plaintiffs are seeking relief from the wrongful levy of property in which they claim an interest.

7. Venue in this action is governed by 28 U.S.C. § 1402(c), requiring that a wrongful levy action under 26 U.S.C. § 7426 be prosecuted "in the judicial district where property is situated at the time of the levy."  Because the United States served Notices of Levy purporting to attach "all property or rights to property of" the Plaintiffs "including but not limited to" bank accounts located in Hazelwood, Missouri, venue is proper in this District.

### IV.   Statement of Facts

**A.   The Named Plaintiffs.**

8. Named Plaintiffs Certified Enterprises Inc., Certified Recycling, Inc., and Fibre Resources Unlimited, Inc. operate businesses in the recycling industry.  On March 31, 2015, independent private equity funds acquired from the prior stockholders a majority ownership interest in the three named Plaintiffs in an arms'-length transaction for fair market value. Since March 31, 2015 and through the present, the three named Plaintiffs have been majority-owned by the independent private equity funds.

**B.   Dalton West Coast, Inc.**

9. While not a party to this action, on information and belief, Dalton West Coast, Inc. was in the separate document destruction business, and, in 2006, was acquired by CDD Holdings, LLC, a Delaware limited liability company ("CDD Holdings").  On further

information and belief, the terms of the 2006 stock sale required CDD Holdings to pay certain corporate taxes owed by Dalton West Coast, Inc., and it was later alleged by the IRS that CDD Holdings liquidated its interest in Dalton West Coast, Inc. without paying the corporate taxes and the IRS assessed tax on Dalton West Coast, Inc. for the tax period ending December 31, 2006 (the "Assessed Tax").

10. The named Plaintiffs are and have always been separate corporations and businesses from Dalton West Coast, Inc.

11. The private equity funds, which are the current majority-owner of the three named Plaintiffs, had no involvement in, or connection to, Dalton West Coast, Inc.

12. The three Plaintiffs to this action were not assessed any tax liability in connection with the sale of Dalton West Coast, Inc.

**C.    The United States Levies Plaintiffs' Property.**

13. On June 1, 2016, the IRS served three Notices of Levy on First Bank, one for each of the three Plaintiffs in this action. *See* Ex. A (Notice of Levy re: Certified Enterprises, Inc.), Ex. B (Notice of Levy re: Certified Recycling, Inc.), Ex. C (Notice of Levy re: Fibre Resources Unlimited, Inc.).

14. The Notices of Levy each purport to attach to "all property or rights to property" of the respective Plaintiffs, "including but not limited to" their accounts at First Bank. *See* Exhibits A-C. The Notices of Levy purport to be issued in an effort to collect the Assessed Tax. After "statutory additions," the total liability identified in the Notices of Levy is $22,006,342.10.

15. The Notices of Levy were served directly on First Bank, and resulted in First Bank immediately freezing Plaintiffs' accounts, and subsequently transferring $69,696.55 from Plaintiffs' accounts to the IRS in response to the Notices of Levy. The IRS is currently in possession of these funds as transferred from First Bank.

16. Plaintiffs themselves were never served with the Notices of Levy.

**D.     Plaintiffs Are Not The "Taxpayer" for the Assessed Tax.**

17.     The Assessed Tax for which the United States levied Plaintiffs' property was not a tax liability of the Plaintiffs, but of Dalton West Coast, Inc.  In the Notices of Levy, the United States acknowledges that the levies are directed toward the property of non-taxpayers, as the Notices of Levy assert—without any support—that each of the named Plaintiffs is instead the "alter ego of Dalton West Coast, Inc."  Indeed, when Plaintiffs contacted the IRS for an administrative hearing to challenge the propriety of the levies they were informed that, because they are not the taxpayer on the Assessed Tax, they would not be entitled to a Collection Due Process hearing.

18.     Contrary to the United States' unsupported alter-ego assertions in the Notices of Levy, Plaintiffs are not the alter egos of Dalton West Coast, Inc.  There is no unity of interest between Dalton West Coast, Inc. and any of the Plaintiffs: each of the Plaintiffs is a separate entity incorporated under the laws of California; each of the Plaintiffs engages in lawful business operations; each of the Plaintiffs is adequately capitalized with no co-mingling of assets; and each of the Plaintiffs observes appropriate corporate formalities.

19.     Further, the current majority-owner of the three named Plaintiffs purchased the entities in an arms'-length transaction for fair market value on March 31, 2015 (after the tax period for which collection is sought, but before any notice of levy was received), and had no involvement with or connection to Dalton West Coast, Inc. or its 2006 sale.

**E.     The Taxpayer Has No Past or Present Interest in the Levied Property.**

20.     Plaintiffs have continuously maintained an ownership interest in "all property or rights of property" in which they have an interest.  Specifically, Plaintiffs are the sole and exclusive owners of all right and title in funds deposited in their respective First Bank accounts.

21.     On information and belief, Dalton West Coast, Inc. has not held any interest—ownership or otherwise—in the Plaintiffs' "property or rights of property," including in the Plaintiffs' bank accounts or the funds deposited therein.  On information and belief, the three named Plaintiffs and Dalton West Coast, Inc. have never held ownership interests in one another.

On information and belief, nor has there ever been an alter-ego relationship between Dalton West Coast, Inc. and any of the Plaintiffs in this action, such that Dalton West Coast, Inc. could be deemed to possess an interest in Plaintiffs' property.

F.    **Plaintiffs Have Exhausted Their Administrative Remedies, And This Action Is Timely-Filed.**

22.    On June 10, 2016, the day that the Plaintiffs learned of the Notices of Levy, their counsel filed a request with the IRS for a Collection Due Process ("CDP") hearing.  The IRS instead advised that Plaintiffs request a Collection Appeals Process ("CAP") hearing, which they did on June 13, 2016.

23.    The CAP hearing took place on June 27, 2016 before IRS Appeals Officer Carol Nguyen.  Ms. Nguyen summarily concluded that the IRS collections actions were proper without providing any legal authority, rationale, or evidence, thus depriving the Plaintiffs of an opportunity to provide evidence in support of the separateness of the respective entities.  Ms. Nguyen referenced an internal IRS memo that allegedly supported the government's position but refused to provide the Plaintiffs with a copy of such memorandum, or to provide the Plaintiffs with a summary of the relevant facts or rationale.  The Plaintiffs were thus deprived of an opportunity to respond to these factual assertions.

24.    On September 27, 2016, the Plaintiffs received a rejection of their CAP appeal.  The "Summary of Decision" provided in each such rejection was devoid of any facts, rationale, or legal authority and instead stated, in its entirety:  "Under consideration of the relevant facts and circumstances, the proposed and taken levy actions were appropriate based on laws, regulations, policy, and procedures."

25.    On July 6, 2016, the Plaintiffs also filed an administrative request for return of their property under 26 U.S.C. § 6343(b).

26.    The administrative request was denied by the IRS by letter dated October 7, 2016.  On October 13, 2016, the Plaintiffs filed a CAP appeal of this denial of the return of their property, urging the United States to provide the due process it had so far failed to provide and

specifically noting multiple sections of the United States Constitution, the Internal Revenue Code of 1986, as amended, and published administrative guidance that the United States had so far disregarded. The IRS denied the Plaintiffs' CAP appeal by letter dated December 22, 2016. Each such denial by the IRS again failed to contain any legal authority, rationale, or facts to support the denial.

27.     The United States' actions in this case were committed with reckless, intentional, or negligent disregard of relevant law. Among other things, the United States failed to provide any information regarding the factual or legal rationale behind its decisions, thus disregarding its obligation to provide Plaintiffs the due process rights afforded to them by the Constitution. The United States disregarded its obligation to provide a notice of levy to the Plaintiffs as required under 26 U.S.C. § 6330 and as further required according to Chief Counsel Advice 201239007. The United States disregarded its obligations as set forth in published administrative guidance on numerous occasions, including its obligation to provide a closing letter explaining the rationale for its denial of the various CAP appeals as required under Section 8.24.1.2.7 of the Internal Revenue Manual and its obligation to notify Plaintiffs in writing of the reason for disallowing their administrative request for return of their property under 26 U.S.C. § 6343(b) as required by Section 5.11.2.3.2.1 of the Internal Revenue Manual.

28.     After exhausting all available administrative remedies, Plaintiffs filed this action under 26 U.S.C. § 7426.

G.    **Plaintiffs Will Be Irreparably Harmed By the Levies, and Have No Adequate Remedy at Law.**

29.     The United States' Notices of Levy purport to broadly levy "all property or rights of property" of the named Plaintiffs. The complete and unqualified scope of these levies is designed to, and will, irreparably injure Plaintiffs' rights, including their interests in the levied property, which is used in the operation of their respective businesses. Specifically, the levied funds are utilized and relied upon to pay, among other things, Plaintiffs' employees, payroll and tax obligations, and vendors. Moreover, if the defendants seize "all property or rights of

property" of the Plaintiffs—as the Notices of Levy state—such seizure would result in the complete destruction of Plaintiffs' businesses.

30. The Plaintiffs have no adequate remedy at law to prevent the purported seizure, and the Plaintiffs will continue to suffer irreparable harm unless the funds are immediately returned and the defendants are enjoined from taking any further levy action against Plaintiffs.

## CLAIM FOR RELIEF

### Relief from Wrongful Levy - 26 U.S.C. § 7426(a)(1)

### Against the United States by all Plaintiffs

31. Plaintiffs re-allege paragraphs 1 through 30, above as if fully set forth herein.

32. The United States has levied the property and rights to property of Plaintiffs, despite the fact that Plaintiffs are not the taxpayers for the Assessed Tax the United States seeks to collect through the levy and are also not the alter-egos of such taxpayer. The taxpayer on the Assessed Tax, Dalton West Coast, Inc., has no interest in the levied property. Accordingly, the United States' "levy is upon property in which the taxpayer had no interest at the time the lien arose or thereafter," and is wrongful under 26 U.S.C. § 7426(a) and C.F.R. § 301.7426-1(b).

33. Plaintiffs have exhausted their administrative remedies for recovery of the wrongfully levied property.

34. Plaintiffs are entitled to recover reasonable litigation costs incurred in connection with this action, pursuant to 26 U.S.C. § 7430. Plaintiffs are also entitled to recover economic damages sustained as a proximate result of the United States' reckless or intentional or negligent disregard of relevant law, and for the costs of the action, pursuant to 26 U.S.C. § 7426(h).

WHEREFORE, Plaintiffs pray for the following relief:

A. For an order under 26 U.S.C. § 7426(b)(1) enjoining the United States from enforcing the wrongful levies, which purport to "attach[] to all property or rights to property of" Plaintiffs Certified Enterprises, Inc., Certified Recycling, Inc., and Fibre Resources Unlimited, Inc.;

B.     For a preliminary injunction enjoining the United States enforcing the wrongful levies, and from issuing any further levies during the pendency of this suit;

C.     For an order under 26 U.S.C. § 7426(b)(2) requiring the United States to return the wrongfully levied property that is in the IRS's possession or, alternatively, granting a judgment in Plaintiffs' favor for the amount of money levied upon;

D.     For Plaintiffs' reasonable litigation costs, including but not limited to attorneys' fees, as provided by 26 U.S.C. § 7430;

E.     For Plaintiffs' economic damages sustained as a proximate result of the United States' reckless or intentional or negligent disregard of relevant law, as provided under 26 U.S.C. § 7426(h); and

F.     Such other and further relief as the Court may deem just, equitable, or proper.

Dated: January 12, 2017

Respectfully submitted,

By: /s/ Daniel B. Hodes

Daniel B. Hodes (MO #60616)
GERMAN MAY PC
1201 Walnut, Suite 2000
Kansas City, MO 64106
Telephone: 816-471-7700
Fax: 816-471-2221
E-mail: danh@germanmay.com

David B. Helms (MO #48941)
GERMAN MAY PC
8000 Maryland Avenue, Suite 1060
Clayton, MO 63105
Telephone: 816-471-7700
Fax: 816-471-2221
E-mail: davidh@germanmay.com

Shahzad A. Malik (*pro hac vice forthcoming*)
Justin N. Owens (*pro hac vice forthcoming*)
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Telephone: 949-725-4076
Fax: 949-823-5076
E-mail: SMalik@SYCR.com
E-mail: JOwens@SYCR.com

Attorneys for Plaintiffs