IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CERTIFIED ENTERS., INC., et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:17-CV-202 SNLJ |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiffs filed this lawsuit against the United States stating that the United States Internal Revenue Service ("IRS") wrongfully levied on their bank accounts for the tax debt owed by a delinquent taxpayer, Dalton West Coast, Inc. ("DWCI"). Plaintiffs contend that they are not the alter egos of or are otherwise related to DWCI and that they are thus not liable for the taxes owed by DWCI. Plaintiffs filed a motion for summary judgment against the United States (#19). The motion has been fully briefed and is ready for disposition.

I.  **Factual background**

In 2000, DWCI was incorporated in California by John C. Dalton, IV. DWCI was in the document destruction business. In January 2006, DWCI entered into an asset sale and purchase agreement with Cintas Corporation. After adjustments, the net sale proceeds were $25.9 million. In March 2006, DWCI's shareholders sold their

1

outstanding corporate stock to CDD Holdings, LLC[1] for $18.8 million. In September 2007, DWCI filed its 2006 Form 1120 corporate income tax return, reporting approximately $26 million in capital gains. The gain was completely offset by, primarily, purported losses relating to foreign currency options. In September 2010, the IRS issued a Notice of Deficiency to DWCI asserting a $9.4 million tax deficiency, plus penalties, primarily from disallowance of the claimed losses from foreign currency options. DWCI did not challenge the Notice of Deficiency in United States Tax Court.

On January 27, 2011, a delegate of the Secretary of the Treasury assessed $9,413,246 in taxes against DWCI for tax year 2006. In an attempt to collect on DWCI's tax liability, on June 1, 2016, the IRS issued three Notices of Levy on First Bank in Hazlewood, Missouri related to each of the three plaintiffs --- Certified Enterprises, Inc., Certified Recycling, Inc., and Fibre Resources Unlimited, Inc. The levies attach to all property and rights to property of the plaintiffs as alter egos of DWCI.

Plaintiffs contend that the levies were wrongful and filed this lawsuit.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec.*

---

[1] CDD Holdings, LLC is not a party to this lawsuit. It is not clear what relationship CDD Holdings, LLC has with the plaintiffs.

*Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

### III. Discussion

Third parties may bring an action "against the United States when it is shown property was wrongfully seized pursuant to levy by the IRS." *Security Counselors, Inc. v. United States*, 860 F.2d 867, 869 (8th Cir. 1988); 26 U.S.C. § 7426. In such a wrongful levy action, the plaintiff carries the initial burden of showing some interest in the levied property in order to have standing. *Id.*; *see also Scoville v. United States*, 250 F.3d 1198, 1201-02 (8th Cir. 2001). Once the plaintiff has made this initial showing, the burden then shifts to the government to prove a "nexus" between the property and the delinquent taxpayer. *Scoville*, 250 F.3d at 1201. The Eighth Circuit has not ruled on whether the burden of proof for the government is "preponderance of the evidence" or "substantial

3

evidence." *Id.* If the government proves a nexus, the plaintiff has "the ultimate burden to prove the levy was wrongful." *See id*.

The parties agree that the plaintiffs have satisfied their burden of showing some interest in the levied bank accounts --- the bank accounts belonged to the plaintiffs. The burden thus shifts to the United States to prove a "nexus" between the levied property (the bank accounts) and the delinquent taxpayer (DWCI) on or after the date the lien arose --- January 27, 2011. The IRS states that the 2016 levies on the plaintiffs' bank accounts were based upon the theory that the plaintiffs are the alter egos of the delinquent taxpayer DWCI.

Plaintiffs contend that the IRS must have had probable cause at the time of the 2016 levies to believe that a nexus existed between DWCI and the levied bank accounts. The Eighth Circuit has not reached the question of whether the IRS must have probable cause at the time of the levies. *See Scoville*, 250 F.3d at 1201 n.3. However, courts in other Circuits have held that the IRS must make a showing of probable cause at the time a levy is imposed to comply with the Fourth Amendment. *Valley Finance, Inc. v. United States*, 629 F.2d 162, 171 n. 19 (D.C.Cir. 1980); *Flores v. United States*, 551 F.2d 1169, 1175-76 (9th Cir.1977); *see also Oxford Capital Corp. v. United States*, 211 F.3d 280, 287 (5th Cir. 2000) (Dennis, C.J., concurring). Plaintiffs thus insist that no discovery is required in this case because the case should be determined by the facts in the government's possession at the time of the levy.

Probable cause exists if "the totality of facts based on reasonably trustworthy information would justify a prudent person in believing" that an offense had occurred. *Smithson v. Aldrich*, 235 F.3d 1058, 1062 (8th Cir. 2000) (internal quotation omitted).

4

Here, the IRS argues that there was probable cause to believe a nexus existed between DWCI and plaintiffs' bank accounts under an "alter ego" theory of liability. The parties agree that the alter ego analysis is the same whether viewed under either California or Missouri law. To overcome the presumption of separate corporate existence, the government must establish "such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the [entity] do not in reality exist." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (Cal. App. 2000). In addition, "there must be an inequitable result if the acts in question are treated as those of the corporation alone." *Id.*

Plaintiffs say that probable cause did not exist because (1) the IRS's Answer to the Complaint concedes there was no probable cause; (2) the IRS provided no facts to support alter ego for the 2016 levies as part of the administrative proceedings; and (3) the facts show that there was no unity of interest between DWCI and the plaintiffs.

The Court disagrees that the IRS conceded in its Answer that it had no probable cause to believe the plaintiffs were alter egos for DWCI. The IRS answered that it "lacks knowledge or information sufficient to form a belief about the truth of the allegations" regarding whether there existed a "unity of interest" between DWCI and the plaintiffs. (Answer, #12 at ¶ 18.) Plaintiffs treat the IRS's answer as a concession that it did not have probable cause, but Federal Rule of Civil Procedure 8 requires the Court to consider such a response as a denial. Fed. R. Civ. P. 8(b)(5).

As for the contention that the IRS violated its own procedures set forth in the Internal Revenue Manual ("IRM"), "It is universally held that the IRM does not have the force of law" and "does not confer rights on taxpayers." *United States v. Meisner*,

5

8:05CV100, 2007 WL 1290088, at *7 (D. Neb. May 2, 2007) (collecting cases); *see also Fargo v. C.I.R.*, 447 F.3d 706 (9th Cir. 2006); *Carlson v. United States*, 126 F.3d 915, 922 (7th Cir. 1997); *Groder v. United States*, 816 F.2d 139, 142 (4th Cir.1987); *United States v. Horne*, 714 F.2d 206, 207 (1st Cir. 1983); *United States v. Will*, 671 F.2d 963, 967 (6th Cir.1982).

The IRS further challenges plaintiffs' contention that no probable cause existed at the time of the levies through the following facts:

- DWCI's directors as of May 2005 were directors for plaintiffs as of 2008.
- DWCI and plaintiffs shared a principal office and a single phone number.
- DWCI shared its business license with the plaintiffs.
- DWCI and plaintiffs held themselves out as a single company.
- DWCI and plaintiffs shared employees such that "key" DWCI employees received Form W-2s from plaintiff Certified Enterprises.
- DWCI and plaintiffs used the same bank, and records show substantial sums transferred among them.
- Another entity appeared to be paying DWCI's payroll taxes.

Those facts were known to the IRS at the time the levies were made according to the affidavit submitted by the IRS agent in charge of collecting the tax deficiency. The Eighth Circuit has found probable cause existed (without holding that it was necessary) where the IRS levied property on the basis of a single piece of evidence supporting a nexus between that property and the delinquent taxpayer. *See Scoville*, 250 F.3d at 1201 n.3. Plaintiffs contend that even those facts cited by the IRS reflect circumstances that existed well before 2011(the date at which the nexus must exist) because DWCI ceased to

exist as of 2006, and that, as a result, probable cause could not have existed. However, plaintiffs fail to acknowledge that the probable cause analysis for an alter ego relationship exists no less in 2011 than it did in 2006, when DWCI ceased operations and the alter ego entities carried on.

Therefore, even if the IRS is required to show that it had probable cause at the time it levied plaintiffs' bank accounts, the Court finds that the IRS has met that burden. Whether the evidence will ultimately support a finding that the plaintiffs are alter egos of DWCI such that a nexus existed as of 2011 remains for later determination.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment (#19) is DENIED.

Dated this  13th  day of December, 2017.

_____
STEPHEN N. LIMBAUGH, Jr.
UNITED STATES DISTRICT JUDGE