**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **CERTIFIED ENTERS., INC., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Case No. 4:17-CV-202 SNLJ |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

Plaintiffs filed this lawsuit against the United States stating that the United States Internal Revenue Service ("IRS") wrongfully levied on their bank accounts for the tax debt owed by a delinquent taxpayer, Dalton West Coast, Inc. ("DWCI"). Plaintiffs contend that they are not the alter egos of or are otherwise related to DWCI and that they are thus not liable for the taxes owed by DWCI. The parties disagree regarding the contents of a protective order to be entered in this case.

Federal Rule of Civil Procedure 26(c) states that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c) says that the order may prevent dissemination of trade secrets or confidential information, among other protections. Fed. R. Civ. P. 26(c)(1)(G).

1

The parties here agree that a protective order is necessary in this case. They disagree regarding the following matters.

**1. Government's ability to disclose confidential matters to law enforcement.**

The government seeks a "carve out" in the protective order that allows it to disclose information that may be relevant to any civil or criminal proceeding or investigation to any Federal or State agency with authority to enforce laws regulating any activity relating to the requested information. Any such agency receiving that information shall not be subject to the protective order. Plaintiffs protest that standard protective orders require that confidential information obtained as part of the litigation may only be used for purposes of the instant litigation. The government is required by law to report illegal activity. *See* 26 U.S.C. § 7214(a)(8) (requiring "any officer or employee of the United States acting in connection with any revenue law of the United States" be dismissed, fined, or imprisoned if he or she "fails to report, in writing" any "knowledge or information of the violation of any revenue law by any person, or of fraud committed by any person against the United States under any revenue law"). Plaintiffs contend that the government can ask the Court for leave to amend the protective order with notice to the producing party, but there is no reason to require the government to go through those additional (and possibly counter-productive) steps when it is required by law to report evidence of illegal activity. The Court will allow inclusion of the law enforcement carve-out.

**2. Disclosure to "necessary" employees.**

Plaintiffs' proposed protective order seeks to limit the disclosure of information to "the parties and their necessary employees." The government objects that the word "necessary" is undefined and is too ambiguous. Plaintiffs state that they do not wish to micromanage the answer to who qualifies as a "necessary employee" and that a common-sense definition is appropriate, but they propose some additional language to define "necessary." Although the Court agrees with plaintiffs that a common-sense understanding of the term "necessary" makes such a provision not required, but the Court will accept the additional language proposed by plaintiffs.

**3. Categories of confidential documents.**

The government argues that setting categories of documents to be marked confidential, rather than requiring the offering party to consider whether each document is actually confidential, is improper. Plaintiffs contend that most standard protective orders identify categories of documents that parties and non-parties alike may designate as confidential if they believe that protection is necessary. Plaintiffs also add that because numerous subpoenas have been served by the government on third parties in numerous states, such categorical guidance is helpful and necessary to ensure fair designation and to prevent inconsistent designation. This Court agrees.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for a protective order (#36) is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that the government shall file a proposed order in accordance with this memorandum no later than February 21, 2018.

Dated this  14th  day of February, 2018.

_____
STEPHEN N. LIMBAUGH, Jr.
UNITED STATES DISTRICT JUDGE